UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30260
Summary Calendar
_____

MICHAEL SINGLETARY,

Plaintiff-Appellant,

versus

RICHARD L. STADLER; JOHNNY CREED; BURL CAIN; RICHARD PEABODY;
DORA RABALAIS; MARIE BOIES; CATHY ROBERTS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(99-CV-621)

_____

September 20, 2001
Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Michael Singletary, Louisiana prisoner # 104843, appeals an adverse summary judgment in his 42 U.S.C. § 1983 action. Singletary contends the district court erred in determining Defendants were entitled to qualified immunity because he had not stated a violation of his constitutional rights.[2]

_____

[1]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]Singletary also contends the district court erred in denying his motion to take judicial notice of certain newspaper articles. The magistrate judge, not the district court, denied this motion,

Singletary alleged: in March 1998, prison officials modified prison mail policy to subject all mail to and from the media to inspection without the presence of the inmate; and in August and September 1998, he received correspondence from two newspaper staff writers, which had been opened and inspected for contraband by prison officials outside his presence. He maintains this policy violates his First Amendment rights.

No authority need be cited for the fact that we review a summary judgment *de novo*. Summary judgment is appropriate when "there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c).

To determine whether defendants are entitled to qualified immunity, this Court engages in a well established bifurcated analysis. *E.g.,* **Wooley v. City of Baton Rouge**, 211 F.3d 913, 919 (5th Cir. 2000). First, the plaintiff must allege a violation of a clearly established constitutional right. **Id.** This issue is typically a question of law. **Pierce v. Smith**, 117 F.3d 866 (5th Cir. 1997). Second, the defendant's conduct must be objectively unreasonable. **Spann v. Rainey**, 987 F.2d 1110, 1114 (5th Cir. 1993).

and Singletary did not appeal this denial to the district court. Because this issue was not appealed to the district court, it was not preserved for appellate review. *See* **Alpine View Co. v. Atlas Copco AB**, 205 F.3d 208, 220 (5th Cir. 2000); Fed. R. Civ. P. 72.

Singletary has not shown that the district court erred in determining that prisoners do not have a right to unmonitored communication with the media. "A prisoner's freedom from censorship under the First Amendment ... with regard to his incoming mail is not the equivalent of freedom from inspection or perusal." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (*citing Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Furthermore, in *Brewer*, we decided that the case upon which Singletary relies, *Guajardo v. Estelle*, 580 F.2d 748 (5th Cir. 1978), was modified by *Thornburgh v. Abbott*, 490 U.S. 401 (1989), and determined that prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected. *Brewer*, 3 F.3d at 825. It follows that Singletary does not have a clearly established constitutional right to be present when non-privileged mail from the media is opened and inspected. *See also Gaines v. Lane*, 790 F.2d 1299, 1307 (7th Cir. 1986).

*AFFIRMED*